**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BOND SAFEGUARD INSURANCE COMPANY,**

        **Plaintiff,**

-vs-                                    Case No. 6:09-cv-824-Orl-31KRS

**DIANE ELIZABETH WARD and JAMES ROBERT WARD,**

        **Defendants.**

_____

# ORDER

This matter comes before the Court on the Trustee's Motion to Intervene (Doc. 27) and the Trustee's Motion to Transfer Federal District Court Action to Bankruptcy Court (Doc. 28), as well as the reply (Doc. 73) filed by the Plaintiff, Bond Safeguard Insurance Company ("Bond Safeguard"). The motions were filed by Leigh Meininger, Chapter 7 Trustee for the bankruptcy estate of LR Buffalo Creek, LLC ("LR Buffalo Creek"). (Doc. 28 at 1).[1] LR Buffalo Creek and several dozen other related entities filed for protection under Chapter 11 of the Bankruptcy Code on October 30, 2008 in this Division. (Doc. 28 at 2). On March 20, 2009, the Bankruptcy Court entered an order converting most of the cases to Chapter 7 proceedings and appointing Meininger as Trustee for those cases. (Doc. 28 at 2).

Bond Safeguard filed the instant suit on January 13, 2009. According to the allegations of the Amended Complaint, Robert Ward directly or indirectly controlled several LLCs that were

---

[1]The Defendants seek to join in the Trustee's Motion to Transfer. (Doc. 71).

engaged in real estate development. (Doc. 12 at 3-7). Two of those LLCs – LR Buffalo Creek and Villages at Norris Lake LLC – were required by local governments to post subdivision bonds. Bond Safeguard executed tens of millions of dollars' worth of these bonds, and Robert Ward agreed to indemnify Bond Safeguard in the event it had to pay on the bonds. (Doc. 12 at 4-8).

In the first count of the Amended Complaint, Bond Safeguard contends that the revenues from lot sales by the two LLCs, which should have been used to fund subdivision improvements, were fraudulently transferred to other entities, including the Defendants. In the second count, Bond Safeguard alleges that the Defendants tortiously interfered with its business relationship with another debtor entity, Land Resource, LLC, by fraudulently transferring its assets. As to both counts, Bond Safeguard seeks, *inter alia*, to impose liens on real estate and automobiles purchased by the Wards.

The Trustee seeks to intervene in this dispute as a matter of right pursuant to Rule 24(a)(2), which requires him to show that (1) his application is timely; (2) he has an interest relating to the property or transaction which is the subject of the matter; (3) he is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties. *Chiles v. Thornburgh*, 865 F.2d 1197, 1212 (11th Cir. 1989). Bond Safeguard argues that the Trustee cannot intervene as of right because he has not made an adequate showing as to the second and third elements. However, the suit alleges the fraudulent transfer of assets from LR Buffalo Creek and other debtor entities. Clearly, the Trustee has an interest in any transaction that improperly depleted the bankruptcy estate of LR Buffalo Creek or any of the other debtor entities. And Bond Safeguard's efforts to impose liens on the Wards' assets could impede any effort by the Trustee to avoid those transfers.

Moreover, while creditors have the right to recoup fraudulent transfers outside of bankruptcy, that right becomes property of the estate once a bankruptcy is under way. *See*, *e.g.*, *National Tax Credit Partners, L.P. v. Havlik*, 20 F.3d 705, 708-09 (7th Cir. 1994). Although Bond Safeguard argues that the instant suit is based on a contract – specifically, the indemnification agreement – both counts of the Amended Complaint have, at their heart, allegations that assets were fraudulently transferred from entities that subsequently filed for bankruptcy protection. Those claims are property of the respective debtors' bankruptcy estates. The interests of justice and judicial efficiency would be best served by having these claims resolved by the same court that is administering those estates. Accordingly, it is hereby

**ORDERED** that the Trustee's Motion to Intervene (Doc. 27) and the Trustee's Motion to Transfer Federal District Court Action to Bankruptcy Court (Doc. 28) is **GRANTED**, and this case is **TRANSFERRED** to the United States Bankruptcy Court for the Middle District of Florida, Orlando Division. The Defendants' motion for joinder (Doc. 71), the Plaintiff's motion for extension of time to reply to the motion for joinder (Doc. 72), and the Plaintiff's motion for hearing regarding the motion for joinder (Doc. 74) are **DENIED** as moot.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 4, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party